*[FOR PUBLICATION IN FEDERAL RULES DECISIONS]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTER OCEAN SHIP REPAIRS, L.L.C.,

                Plaintiff,

      - against -

ARIES SHIP MANAGEMENT,

                Defendant.

09 Civ. 323 (RJH)

**MEMORANDUM
ORDER**

Richard J. Holwell, District Judge:

       This case presents the recurring question of whether process of maritime attachment and garnishment may be ordered where the plaintiff lacks definite plans to initiate litigation or arbitration. The Court holds that the answer to that question is "no."

       On January 13, 2009, plaintiff Inter Ocean Ship Repairs, L.L.C. filed a verified complaint praying that the Court issue an order for maritime attachment and garnishment against so much of defendant Aries Ship Management's property as could be located in this district. *See* Supp. Admiralty and Maritime Claims Rule B, 28 U.S.C.A. Rule B, at 487-88 (2008). The complaint alleged that defendant had failed to pay the full amount due for ship repairs and sought an order of attachment as security for litigation in Dubai or the United Arab Emirates. (Compl., at 5-6.) The complaint did not specify that litigation in the Middle East had begun, or when it would. In response to an inquiry from the undersigned's chambers, plaintiff's counsel informed the Court that plaintiff was unsure when litigation would begin.

Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure authorizes a court to issue process of maritime attachment and garnishment if the defendant is not present within this district.  In *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006), the Second Circuit noted the now-familiar requirement that for a Rule B attachment to issue, the plaintiff must show "it has a valid prima facie admiralty claim against the defendant."  *Id.* at 445.  While *Aqua Stoli*'s reference to a "prima facie admiralty claim" (itself a reference to the 1985 Advisory Committee Note to Rule B, *see* 28 U.S.C.A. Rule B, at 490) might be read to mean that an attachment should issue whenever two parties have a dispute that someday will fall within the federal admiralty jurisdiction, the Court thinks the better reading is that the plaintiff must have reasonably definite plans to pursue its claim in a traditional judicial forum—be it a court or an arbitral tribunal—before an attachment issue.  Read in context, the Supplemental Rules do not use "claim" to refer to the mere assertion of a right, but to a *cause of action*.  *Cf.* Fed. R. Civ. P. 8(a) (specifying requirements for stating "claim" for relief in civil action); Fed. R. Civ. P. 9(h) (specifying pleading requirements for admiralty or maritime "claim").

Courts of this district have occasionally said without qualification that a Rule B order may be obtained "in contemplation of litigation."  *See, e.g.*, *Ronda Ship Mgm't  Inc. v. Doha Asian Games Organising Committee*, 511 F. Supp. 2d 399 (S.D.N.Y. 2007) ("In maritime attachment cases not based upon a claim for contingent indemnity, courts have allowed a plaintiff to apply for an attachment in contemplation of litigation."); *Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.*, 519 F. Supp. 2d 399, 403 (S.D.N.Y. 2007) ("In maritime attachment cases (not based upon a claim for

contingent indemnity), courts allow a plaintiff to apply for an attachment in contemplation of litigation."); *Sea Transport Contractors, Ltd. v. Industries Chemiques du Senegal*, 411 F. Supp. 2d 386, 395 (S.D.N.Y. 2006) (rejecting argument that Rule B attachment should not be used in aid of foreign litigation).  Despite their general language, the Court does not read these decisions to stand for the extraordinary proposition that Rule B authorizes indefinite arrest of a defendant's assets so long as the plaintiff asserts any right against the defendant.  In *Ronda Ship Management*, for example, the plaintiff initiated litigation in London 162 days after attaching funds in New York.  511 F. Supp. 2d at 402.  And in *Wilhelmsen*, the Court cautioned that it "[would] not hesitate to lift the attachment after a reasonable time if Wilhelmsen fails to initiate litigation on the merits somewhere."  519 F. Supp. 2d at 404.  In short, an attachment should not issue simply because someone, somewhere, is contemplating the possibility of suing someone else in admiralty.  Implicit in the decisional law of this Circuit and the requirement that the plaintiff demonstrate a "prima facie admiralty claim" is the requirement that the plaintiff demonstrate it has definite plans to pursue its claim within a time certain.

Plaintiff here has not overcome this threshold.  It has not filed suit in the Middle East; its complaint does not specify a time certain when it will do so; and plaintiff's counsel professes ignorance about when litigation will begin.[1]  In these circumstances,

---

[1] Plaintiff argues in a supplemental filing that it intends to assert breach-of-contract claims in this Court.  (*See* Letter from George Murray to Hon. Richard J. Holwell, at 2 (Jan. 16, 2009).)  But plaintiff has not moved to amend its complaint; and if it did so, its contract claims would almost certainly be dismissed on forum non conveniens grounds. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007).

plaintiff has failed to demonstrate the most basic requirement for a Rule B order—the existence of a "claim."

The Court has little doubt that this order will bring about an amended complaint reporting the imminent commencement of litigation in the Middle East.  But this is for the best.  In light of the severe nature of the Rule B remedy, *see Glencore Ag v. Bharat Aluminum Co. Ltd.*,  No. 08 Civ. 9765 (NRB), 2008 WL 5274569, at *5 (S.D.N.Y. Dec. 15, 2008), as well as the persistent questions about the Rule's constitutionality when applied to parties with no connection to this country, *compare Shaffer v. Heitner*, 433 U.S. 186, 207 (1977) (holding minimum contacts test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), applies to exercise of jurisdiction quasi in rem) *with Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 273-74 (2d Cir. 2002) (holding *International Shoe*'s jurisdictional analysis can be satisfied by post-arrest procedures), strict adherence to the Rule's procedural requirements would seem to be the better course.

Plaintiff's application for an order of maritime attachment and garnishment is denied.  An amended complaint, if any, shall be filed within 10 business days of the entry of this order.

SO ORDERED.

Dated: New York, New York
       February **11**, 2009

Richard J. Holwell
United States District Judge